WALTER B. GOULD *vs.* JOHN H. FORD, and others.

Penobscot. Opinion January 1, 1898.

*Poor Debtor. Bond. Approval. Disclosure. Fees. Adjournment. R. S., c. 113, §§ 5, 24, 28, 30, 42.*

When the justices approving a poor debtor's bond are not selected according to the directions of the statute, it cannot be treated as a statute bond, and can only be held good at common law.

There is no provision of the statute which makes the payment of fees to the justices, or any formal organization, a pre-requisite condition to the exercise of the power to adjourn, expressly conferred upon the justices sitting in a poor debtor disclosure by R. S., chap. 113, §§ 5, 28 and 42.

Where a citation was operative in bringing all the parties interested in a poor debtor disclosure to the place of disclosure at the time appointed in the forenoon, and in procuring the attendance of the justices requisite to constitute the court, *held;* that an adjournment was sufficiently regular that secured the reassembling of the court and the reappearance of the parties and their attorneys at the time specified for an adjourned session in the afternoon session. *Also;* it appearing that it was done by unanimous consent of all present, *held;* that no injustice or inconvenience was occasioned by it and there is no substantial reason for declaring it irregular or unauthorized.

In fulfilling the conditions of a poor debtor bond, good only at common law, the debtor is not required to perform any other of the statute provisions than those named in the bond.

In this case the court *holds*, that the debtor submitted himself to examination before two justices of the peace and of the quorum, and took the oath prescribed, as the result of a legal citation for that purpose; and that he has performed one of the alternative conditions of his bond according to its terms and requirements.

### ON REPORT.

This was an action on a six months poor debtor bond, the plaintiff claiming a forfeiture because the poor debtor's oath was administered by two justices who, as is claimed, had no jurisdiction to grant to the principal debtor his discharge. The following facts were found by the justice presiding, the case having been referred to the court:—

The citation, to appear at the time and place of disclosure, was duly served upon the creditor, who appeared accordingly with counsel and a justice who was selected by him to act for the purpose of such disclosure.

After the parties got together within the hour after the time prescribed by the notice, there being present the debtor and creditor and their respective counsel, and also the two justices selected by the parties, and after an examination of the citation and the officer's return thereon, some one remarked that the funeral of the late Judge Dutton would occur at eleven o'clock (the persons above named having met at ten o'clock) and that the members of the bar were invited to attend, when it was remarked that an adjournment might be made for that purpose, after an organization was effected. Thereupon the attorney for the debtor said "we will consider this an organization," and no one objected to it or said a word to the contrary. And then the attorney for the creditor remarked that "the counsel for the parties had the power to assent to an adjournment and that he was always ready to adjourn either for the marriage or burial of a brother lawyer"; and so without further words or action, the disclosure was adjourned until two o'clock in the afternoon for the purpose of attending the funeral.

Promptly at two o'clock all the same parties were present at the

place where they met in the forenoon, excepting the creditor and his attorney, who however came in about thirty minutes later.

On their reassembling, the justice for the creditor was paid his fees and those of the justice for the debtor were arranged satisfactorily by the debtor's attorney, and the proceedings were announced to be in readiness for hearing the disclosure, when the attorney for the creditor announced that the justices had no jurisdiction in the premises, in his opinion, because the disclosure was adjourned in the morning without any authority therefor before the court of disclosure was duly organized; and he withdrew his justice and said he was not authorized to act for him, and that the proceedings were in his judgment utterly void. Whereupon the justice for the creditor, under the advice of the creditor's attorney, declined to further act, and refused to pay back the fees which had been prepaid to him. And thereupon both the creditor and counsel, as well as the justice selected by the creditor, went away.

After the creditor's attorney had withdrawn the creditor's magistrate and refused to participate in the hearing, the debtor proceeded to the house of a deputy sheriff of the county, a resident of Ellsworth, but found that he was in Bar Harbor, and would not return until the next day, and as there was no other deputy then living in Ellsworth who could be called in to select a new justice, the justice selected by the debtor adjourned the proceedings until the next forenoon at ten o'clock A. M., when the deputy sheriff's presence was secured, and he selected a justice for the creditor; when the two justices thus constituting the court heard the disclosure of the debtor, administered the statutory oath, and granted him a discharge; the proceedings being conducted as indicated by the records and papers put in evidence at the trial.

The defense pleaded the disclosure and discharge of the debtor as regularly obtained; and claimed that the damages should be chancered and that actual damages, or nominal damages only, be recovered, if the actual disclosure and discharge be irregular in any way, and the court should find that the plaintiff was entitled to recover any damages.

*A. W. Weatherbee*, for plaintiff.

*M. Laughlin and D. E. Hurley*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WIS-
WELL, SAVAGE, JJ.

WHITEHOUSE, J. This is an action on a poor debtor's bond
given to obtain the principal defendant's release from arrest on
execution.

It is provided by sections 24 and 42 of chap. 113 R. S., that
such a bond may be approved in writing by two justices of the
peace and quorum, one to be selected by the debtor and the other
by the creditor, his agent or attorney, and in the event of the
creditor's neglect or refusal to make a selection, one may be selected
by the officer.

In this case the sureties on the bond appear to have been
approved in writing by two " disinterested justices of the peace and
of the quorum," but there is nothing in their certificate of approval
or elsewhere in the bond to indicate by whom either of these
justices was selected. As it does not appear that the justices
approving the bond were selected according to the directions of the
statute, it cannot be treated as a statute bond, and it can only be held
good at common law. *Smith* v. *Brown*, 61 Maine, 70, and cases
cited. It has, indeed, been contended with much force of reason,
that the act of the creditor in accepting such a bond and bringing
a suit upon it, ought to be deemed a waiver of the statutory method
of approval, or sufficient to estop the creditor from asserting that
it is not a statute bond; but in this state the court appears to have
adopted the opposite view, and the question must now be deemed
res judicata.

One of the alternative conditions of this bond is that if the
debtor within six months from its execution " shall cite the creditor
before two justices of the peace and of the quorum and submit
himself for examination agreeably to chap. 113 of the Revised
Statutes, and take the oath prescribed in the thirtieth section of
that chapter, then this obligation to be void."

It is contended in behalf of the defense that, upon the statement
of facts and records submitted in this case, the debtor is shown to
have performed this condition of the bond according to its precise
terms and requirements.

It appears from the records in the case that, within the six months named in the bond, the debtor duly cited the creditor before two justices of the peace and of the quorum, submitted himself to examination, "made a full disclosure of the actual state of his affairs and of all his property, rights and credits, answered all proper interrogatories in regard to the same and complied with all other requirements of the statute regulating poor debtors," and thereupon took the oath prescribed in section 30 of chap. 113 of the Revised Statutes. But it is argued on the part of the plaintiff that, although this record would seem to show a full compliance with the literal requirements of the bond, the justices who signed the record had no jurisdiction of the matter at the time they heard the disclosure and administered the oath, and that these proceedings were therefore void.

It appears from the statement of facts that the time fixed in the citation for the examination was ten o'clock in the forenoon, and that within an hour after that time the debtor and the creditor both appeared with their respective counsel, and each selected and procured the attendance of a justice to hear the disclosure; that "after an examination of the citation and the officer's return thereon" but before the justices had actually received their fees for services, by the unanimous consent of parties, attorneys and justices, the disclosure was adjourned until two o'clock in the afternoon of the same day for the purpose of attending the funeral of a member of the bar; that at the time and place to which the adjournment was taken, the parties and their attorneys and the justices selected were again present, the appropriate fee was paid to the justice selected by the creditor and payment to the other justice duly guaranteed. But the attorney for the creditor then objected to the jurisdiction of the justices on the ground that the adjournment from ten o'clock until two was taken before the court was duly organized and was therefore without authority in law; and under the advice of the creditor's attorney, the justice selected by the creditor refused to act further, and with the creditor and his attorney withdrew from the place of the hearing. Thereupon the justice selected by the debtor adjourned the proceedings until ten

o'clock in the forenoon of the next day, when a justice for the creditor was selected by the officer in accordance with § 42 c. 113, R. S., and the disclosure heard and the oath administered by the two justices then constituting the court, as already stated.

Section 28 of c. 113, R. S., declares that "the examination shall be before two disinterested justices of the peace and quorum . . . . who may adjourn as provided in section five, and shall examine the citation and return, and if found correct shall examine the debtor on oath," etc. Section five provides that the justices may adjourn from time to time if they see cause, and if either of them is not present at the adjournment, the other may adjourn to another time."

It will be perceived that in section 28, the mention of the right to "adjourn as provided in section five" precedes the specification of the duty to "examine the citation"; but in this case the only examination of the citation made by these justices, or before these justices, appears to have been made immediately after their selection on the first morning, and before the first adjournment. The justices then present, selected by the debtor and creditor as required by the statute, were "disinterested justices of the peace and of the quorum," legally qualified and competent to act in the matter. There is no provision of the statute which makes the payment of fees to the justices or any formal organization a pre-requisite condition to the exercise of the power to adjourn, expressly conferred upon "the justices" by sections five, twenty-eight and forty-two. It is entirely competent for the justices to assent to delay in the arrangements for the payment of their fees, or to waive such payment altogether. In this case the justice selected by the creditor promptly appeared at the time and place to which the adjournment was had and accepted the fees tendered him. The creditor and his attorney, and the justice selected by the debtor were also present, and the debtor again appeared to make his disclosure. The citation had been operative in bringing all the parties interested to the place of disclosure at the time appointed therefor in the forenoon and in procuring the attendance of the justices requisite to constitute the court. The adjournment

was sufficiently regular to be effectual in securing the reassembling of the court and the reappearance of the parties and their attorneys at the time specified for the afternoon session. The "justices" regularly selected and legally in attendance adjourned as they were authorized to do by the express language of the statute. It was done by unanimous consent of all present. No injustice or inconvenience was occasioned by it, and no substantial reason has been suggested for declaring it irregular and unauthorized.

The afternoon session must therefore be deemed a legal one. But under the advice of the creditor's attorney the justice chosen by the creditor refused to participate in the examination and withdrew from the room. It would seem that the contingency specified in section 42, chap. 113, had then arisen and that the creditor then "neglected and refused to procure the attendance of a justice." If so, the justice chosen by the debtor was then authorized to adjourn not exceeding twenty-four hours to enable the debtor to procure the attendance of another justice. This course was pursued and the disclosure proceeded to the final result already stated. It thus appears that the debtor submitted himself to examination before two justices of the peace and of the quorum and took the oath prescribed, as the result of a legal citation for that purpose.

It is unnecessary to determine whether upon the doctrine respecting the withdrawal of one of the justices, laid down by a majority of the court in *Ross* v. *Berry*, 49 Maine, 434, this proceeding could have been held a legal performance of the condition of the defendant's bond, if it had been a statute bond; for it has been seen that the bond in suit is not a statute bond and is only good at common law. And it has been held in numerous cases in this state that in fulfilling the conditions of a poor debtor's bond, which is good only at common law, the debtor is not required to perform any other of the statute provisions than those named in the bond. *Clark* v. *Metcalf*, 38 Maine, 122; *Flowers* v. *Flowers*, 45 Maine, 459; *Bank* v. *Lord*, 49 Maine, 99; *Ross* v. *Berry*, Id. 434; *Bell* v. *Furbush*, 56 Maine, 178; *Smith* v. *Brown*, 61 Maine, 70.

In the case at bar, there was full compliance on the part of the debtor with one of the alternative conditions of a common law

bond; and the language of the court in *Bell* v. *Furbush,* supra, is peculiarly applicable here: " The debtor did cite the creditor, did submit himself to examination in accordance with the terms of his bond, before two justices and take the required oath; and the bond not being a statute bond, it matters not according to the cases above cited that the requirements of the statute were disregarded in their selection and proceedings. It is a satisfaction to remark that there are no apparent equities with the creditor. He declined to hear the proffered disclosure, and sought to work a forfeiture of the bond by a resort to technicalities. For want of technical accuracy in the outset in the taking of his bond, the effort proves unavailing."

*Judgment for defendants.*