HENRY CLEAVES SULLIVAN, ADMR.

*vs.*

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Cumberland.      Opinion, May 31, 1932.

*Francis W. Sullivan,* for plaintiff.
*Charles J. Nichols,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.   This case was reported on a statement of facts, as agreed to by the parties, to determine if the action, the basis of which is an endowment policy, in all essential features a policy of life insurance, is sustainable.

The policy, admittedly a Maine contract, in full force, is dated August 16, 1926. It was made payable to the insured, one Kenneth C. Williams, if he should live to the policy anniversary date next

preceding the sixtieth anniversary of his birth; otherwise to his executors or administrators.

The principal question is whether the policy is due, not because of the physical death of the insured, but because of his imprisonment, in 1930, when he was twenty-one years old, in the State Prison, under a legal sentence, for the term of his life, for killing his wife.

In other words, does the policy, itself silent as to coverage of the contingency, oblige payment of liability, as for actual death, upon the life imprisonment of the insured — the punishment affixed by law — upon his just conviction for murder.

The policy prescribes, as a condition precedent to recovery, on the occurrence of death, the formality of notice and proof. Since the defendant denies all liability, this requirement may well be found to have been waived.

The main issue is whether, within the legal interpretation and construction of the policy, the insured is dead.

The statute relating to civil death, Rev. Stat., Chap. 76, Sec. 19, subsisted at the time of making the contract. Contracts cannot change statutory laws. It is, therefore, a general principle of construction, that statutory provisions which are applicable to, consequently enter into, and form a part of, the contract, as much as if incorporated therein. 6 R. C. L., 855; 1 Cooley's Briefs, 690; 1 Couch on Insurance, Sec. 150 *et seq.; Gross* v. *Jordan,* 83 Me., 380, 383; *Holt* v. *Knowlton,* 86 Me., 456; *Peabody* v. *Stetson,* 88 Me., 273, 282; *Marston* v. *Kennebec Mut. Life Ins. Co.,* 89 Me., 266.

A convict serving a life term in prison is, to all intents and purposes, civilly dead. R. S., *supra.* "His estate shall be administered upon and distributed, and his contracts and relations to persons and things are affected, in all respects, as if he were dead." R. S., *supra.*

Civil death is the state of one who, although possessing natural life, is, on account of the commission of crime for which he has been convicted, incarcerated, in execution of sentence, for so long as he shall live, and thereby lost all civil rights; he is considered, in law, dead. Bouvier's Law Dict. His capacities among his fellow members

of society are extinct. Abbott's Law Dict. He can no longer perform any legal function. It is not that he is in fact deceased, but dead in the law. "There is a death in deede, and there is a civill death, or a death in law." Co. Litt., 200.

From the moment of his imprisonment, the statute operates as to personalty, clearly enough, to deprive the person civilly dead of his property.

His rights and responsibilities are transferred to his legal representatives, as would be done had he really died. After administration charges are paid, and debts satisfied, distribution of his estate should follow.

A man civilly dead is disabled to sue in his own name; he cannot prosecute actions begun before his imprisonment. *Knight, Ex'r.* v. *Brown,* 47 Me., 468.

Contracts of partnership are affected, as the statute uses the term, by the civil death of the party; so also are contracts altogether personal, as to serve the other party to the contract; and contracts where one is acting for another, such as agencies or powers of attorney, where the agency or power is not coupled with an interest. As to these civil death, and its consequences work a termination not unlike a revocation by natural death. Other contracts are, in general, affected only in the sense that the administrator of the party civilly dead must fulfil all his engagements, and may enforce all those in his favor.

In interpreting statutes, effect is given to legislative intent. Adherence to the precise words of the statute should not be so rigid as to defeat purpose. *Gray* v. *County Commissioners,* 83 Me., 429. A thing within the letter of a statute is not within the statute, if contrary to the intention of it. *Carrigan* v. *Stillwell,* 99 Me., 434. The equity of a statute is usually an index of the intention of the legislature.

There is, in every contract of life insurance, an implied obligation on the part of the insured, that he will do nothing wrongfully to hasten its maturity. Where, according to the laws, capital punishment was inflicted on conviction of murder, death in such manner was held not covered by insurance, though the policy contained no express exception; the considerations were based upon public

policy. 8 Couch on Insurance, Sec. 2156; *Burt* v. *Union Cent. Life Ins. Co.*, 187 U. S., 362, 47 Law Ed., 216; *Northwestern Mut. Life Ins. Co.* v. *McCue*, 223 U. S., 234, 56 Law Ed., 419. There are, it is true, decisions to the contrary. *Collins* v. *Metropolitan Life Ins. Co.* (Ill. 1907), 83 N. E., 542; *Fields* v. *Metropolitan Life Ins. Co.* (Tenn. 1923), 249 S. W., 798.

But the reasoning of the Supreme Court of the United States is here adopted, as extending in equal degree, at least, where life imprisonment is limited to the felonious homicide in which the characteristic distinction is the presence of malice; and civil death with deprivation of property results when the sentence of the condemned murderer is put into effect. R. S., Chap. 129, Sec. 1; R. S., *supra*.

Imprisonment of this insured did not accelerate his insurance contract; the risk was that of natural, actual death.

In accordance with the stipulation in the report, the mandate will be,

*Judgment for defendant.*