STATE OF MAINE *vs.* ROBERT DAY.

York.     Opinion, March 18, 1933.

*George D. Varney*, County Attorney for the State.
*Ralph W. Hawkes*,
*Lester H. Willard*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.    Exceptions to overruling motion in arrest of judgment directed to the insufficiency of an indictment based on Sec. 22, Chap. 135, R. S. 1930, on which respondent was presented for trial, a verdict of guilty having been returned.

The indictment charged that "Robert Day of Lebanon in the County of York, laborer, on the fifth day of May in the year of our Lord one thousand nine hundred and thirty-two at Sanford in said County of York, with force and arms did then and there knowingly cause to be transported by means of a conveyance, to wit a motor vehicle, across said State, to wit from said Sanford to Lawrence in the Commonwealth of Massachusetts, a female person to wit, one Myrtle Berry of said Lebanon, for an immoral purpose to wit for the purpose of having sexual intercourse with her, the said Myrtle Berry."

The objections to the indictment set forth in the motion were:

1. The indictment in said cause charges no offence under the law of this State.

2. Sec. 22 of Chap. 135 of the Revised Statutes of Maine does not and was not intended to apply to a case where a man transports a female for the purpose of having sexual intercourse with her himself.

3. The words "any other immoral purpose" in the above statute mean any other immoral purpose in furtherance of the act made a felony by this statute, to wit, transportation for the purpose of prostitution.

The statute under which the indictment was brought provides that,

"Whoever knowingly transports or causes to be transported, or aids or assists in obtaining transportation for, by any means of conveyance into, through, or across the state, any female person for the purpose of prostitution or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such female person to become a prostitute shall be punished by imprisonment for not less than two years, nor more than twenty years. Such person may be prosecuted, indicted, tried, and convicted in any county in or through which he shall have transported or attempted to transport any female person as aforesaid."

That this statute was enacted for the purpose of suppressing commercialized vice seems clear. As construed by the Court below, it is applicable to the case of one who transports a female person by any conveyance across any portion of the state with intent to commit fornication or adultery. It may be assumed in the instant case that the intended act was fornication, there being no suggestion that either party was married.

The punishment for committing fornication is fixed by Sec. 7, Chap. 135, R. S. 1930, at imprisonment for not more than sixty days and fine not more than one hundred dollars.

The argument that the statute is properly applicable to the facts alleged is based on the words "or other immoral purpose,"

and the undeniable proposition that fornication is immoral. We do not think that such a construction of the statute is justifiable. It is hardly conceivable that the legislature intended that a misdemeanor should be transformed into a felony simply because the commission of the offence was preceded by an automobile ride.

"It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute because not within its spirit nor within the intention of its makers." *Holy Trinity Church* v. *United States*, 143 U. S., 457 ; *Reiche* v. *Smythe*, 13 Wall., 162 ; *Silver* v. *Ladd*, 7 Wall., 219. The rule that these cases illustrate is valuable. It rescues legislation from absurdity. It is the dictate of common sense. It is not judicial legislation; it is seeking and enforcing the true sense of the law notwithstanding its imperfection or generality of expression. There is danger in extending a statute beyond its purpose, even if justified by strict adherence to its words. "The letter killeth but the spirit giveth life." It certainly will not be denied that legal authority justifies the rejection of a construction which leads to mischievous consequences if it can be done and preserve the purpose of the law.

This statute was designed to protect society against an abhorrent evil. It was not enacted for the purpose of placing an effective weapon in the hands of blackmailers nor for punishing the perpetrator of a minor offence with undue and extraordinary severity. Yet such would be the result if the ruling below were upheld.

*Exceptions sustained.*
*Indictment quashed.*