ALICE N. TARR

*vs.*

VIOLET C. DAVIS, GEORGE W. MOORE, JR., AND JOHN P. BREEN.

Androscoggin.     Opinion, January 1, 1935.

244

*Benjamin L. Berman,*
*David V. Berman,* for plaintiff.
*Frank Linnell,* for Violet C. Davis.
*Harold L. Redding,*
*Albert E. Verrill,* for George W. Moore, Jr.
*Clifford & Clifford,* for John P. Breen.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J.  This is an action of debt against the principal and sureties on a bond. The defendant, Violet C. Davis, in an action of tort brought by the plaintiff, had been arrested on a *capias* writ; and the bond in question was given in accordance with the provisions of R .S. 1930, Chap. 124, Sec. 15, to secure her release.

The condition of the bond was that the principal would within fifteen days after the rendition of judgment against her, or after the adjournment of the court in which it should be rendered, submit herself to examination, and make on oath a true disclosure of her business affairs and property, and abide the order of the justices thereon. The plea of the defendants is the general issue with a brief statement setting forth a full compliance by the principal with the condition of the bond with respect to her disclosure, and stating that she received the benefit of the poor debtor's oath as provided by R. S. 1930, Chap. 124, Sec. 55. There is also a further plea that the plaintiff is estopped to deny the performance by the obligee of the condition of the bond.

The case was referred with a right to exceptions reserved. The Referee found for the plaintiff in the sum of $1000, the amount of the judgment in the original action; and to the acceptance of his report exceptions were taken, which are now before us.

The case is important in that it shows a misunderstanding by certain members of the bar of a statute enacted many years ago, which concerns very vitally the liberty of the individual. It is admitted even by counsel for the plaintiff that the principal in the bond did all that she could to bring herself within the protection of the statute, and that if she has failed, it is because of a defect in the legislation in question.

After the rendition of judgment the defendant in the original action proceeded in accordance with sections 4 and 16 of the statute in question; and a citation was duly issued to the creditor, who selected a justice to sit with one chosen by the defendant to hear her disclosure. The justices met on May 11, 1933, organized, and proceeded with the hearing. After the examination of the defendant had been completed, at the request of the attorney for the creditor, an adjournment was taken for three days, exclusive of Sunday, to May 15, 1933, to allow the creditor to present further testimony and for further cross-examination of the debtor. To this point it is conceded by all that the proceedings were regular in every respect. At the adjourned hearing neither the creditor, nor her attorney, nor her justice was present. The justice in attendance communicated with the absent justice, who stated that he understood that another continuance had been agreed on, and re-

quested a further adjournment. This was refused. Under the terms of R. S. 1930, Chap. 124, Sec. 5, it is provided that no adjournments shall exceed three days in the whole, exclusive of Sundays. It was rightly determined by those present that a further continuance beyond such period would preclude the debtor from performing the condition of her bond. *Fales* v. *Goodhue*, 25 Me., 423, 426. Thereupon the officer in charge of the debtor, proceeding in accordance with the provisions of section 67 of the above statute, chose a justice to act in place of him who failed to appear. The new justice attended the hearing, examined the debtor anew, and it was determined by the Court as reconstituted that the defendant was entitled to the statutory oath. This was accordingly administered, the certificate filed, and the debtor discharged.

The plaintiff now contends that the condition contemplated by the statute, which authorizes the summoning of an additional justice, had not arisen, that accordingly there was no valid court to act, and that the condition of the bond had not been complied with. This brings us to a consideration of the provisions of section 67, under which the defendants claim that the justices derived their authority. This section reads as follows:

"One of the justices to hear a disclosure, may be chosen by the debtor, and the other by the creditor, his agent, or attorney; and if at the time appointed, he refuses, or unreasonably neglects to appoint, or to procure his attendance, the other may be chosen by an officer who has the debtor in charge, or if the debtor is not in charge, the officer who might serve the precept on which he was arrested; and in such case, the justice chosen by the debtor, if he deems it necessary, may adjourn once, not exceeding twenty-four hours, Sundays excluded, to enable the debtor to procure the attendance of another justice. If the justices do not agree, they may choose a third; if they cannot argee on a third, such officer may choose him; and a majority may decide."

The original return of the disclosure commissioners states that the reason for calling in a new justice was because of a disagreement between the first two appointed. This was clearly erroneous, because there was no disagreement, which under the provisions of

section 67 would justify the summoning of a new member of the court. An amended return was, however, filed which correctly set forth that the new justice was summoned because of the failure of the one chosen by the creditor to attend.

The contention of plaintiff's counsel, in which he has been sustained by the Referee, is that the provisions of the statute in question, which authorize the summoning of a new justice, apply only to the first meeting, when the court is organized, and that accordingly after such organization there was no obligation on the part of this creditor to see that her justice was in attendance at any adjournment.

A heavy responsibility rests on those chosen as members of a disclosure tribunal. In their hands rests the liberty of the individual who appears before them. At a time, when, because of conditions beyond their control, many persons are unable to meet, when due, claims against them, it is more then ever a duty to see that rights guaranteed them by our statutes shall be respected. The justice in this instance furnished no good reason for his failure to attend the adjourned hearing. He states that he thought that there was to be a further continuance, that when he found out that there had been no agreement on this point, he started for the hearing but stopped on the way to watch the New Auburn fire, which was then raging, and then returned to his own office. However diverting the spectacle of the fire may have been, it hardly furnishes an excuse for his failure to perform a duty which he had solemnly undertaken, particularly when his neglect might have resulted in the imprisonment of one actually entitled to go free.

There is no doubt that to authorize the discharge of the debtor there must be a strict compliance with the statutory requirements unless performance is prevented by the obligee, or the law, or the act of God. *Moore* v. *Bond*, 18 Me., 142; *Fales* v. *Goodhue*, supra; *Newton* v. *Newbegin*, 43 Me., 293, 297; *Morrison* v. *Corliss*, 44 Me., 97, 99.

Whether there was in this case a compliance with the conditions of the statutory bond depends on the extent of the obligation of the creditor to procure the attendance of the justice appointed by her.

A general statute for the relief of poor debtors was first enacted

in this state in 1835. Pub. Laws 1835, Chap. ·195. The present method, by which the debtor chooses one justice to hear his disclosure and the creditor the other, first appears in R. S. 1840-1841, Chap. 148, Sec. 46. It is there provided that one justice shall be selected by the debtor, the other by the creditor. In *Stanley* v. *Reed*, 28 Me., 458, it was held that the statute was not complied with by a mere nomination of a justice by the creditor but that he must go further and procure his attendance. A contrary interpretation of the word "select" "would," said the Court, "be entirely subversive of the rights of the debtor." "Selection, in the statute," it is said, page 461, "implies something more than nomination, it looks not to words only, but to action. The Legislature must have intended a selection, which would be complete and effectual by attendance, and where there was no attendance of a justice, that then there was not a full and perfect selection, and the proper officer could make one." That this interpretation was in entire harmony with the legislative purpose was evident by the passage of an act, while the case was pending, requiring the creditor to procure the attendance of the justice appointed by him. Pub. Laws 1848, Chap. 85, Sec. 1. With full knowledge of the history of this legislation and of the broad interpretation of it by the court, the legislature enacted this provision in substantially its present form in the revision of 1857. R. S. 1857, Chap. 113, Sec. 40. ˙

It is the spirit of a law which controls; and the duty rests on the court in so far as possible without doing violence to language used to see that the legislative intent is made effective. *Holmes* v. *Inhabitants of Paris*, 75 Me., 559; *Carrigan* v. *Stillwell*, 99 Me., 434, 59 A., 683; *Craughwell* v. *Mousam River Trust Co.*, 113 Me., 531, 95 A., 221; *Sullivan* v. *Prudential Insurance Co. of America*, 131 Me., 228, 160 A., 777; *State* v. *Day*, 132 Me., 38, 165 A., 163; *In Re McLay*, 133 Me., —, 175 A., 348.

The whole history of this broad remedial statute, its very obvious purpose, speak in no uncertain manner against the construction claimed for it by the plaintiff in this action. If her contention is upheld, a creditor would need only to persuade the justice selected by him to absent himself from an adjourned hearing of the tribunal of which he would be a member, and then to enforce against the

helpless debtor the forfeit prescribed by his bond. The comments of the Court on this legislation, which now covers the span of a century, give no warrant for such a claim, which, if sustained, would transform that which was intended as a relief for poor debtors into a snare for their entrapment. "Let no Man weakly conceive, that Just Laws, and True Policie, have any Antipathie: For they are like the Spirits, and Sinewes, that One moves with the Other."

The clear design of section 67 was not only to provide for the selection of justices by the debtor and the creditor, but to place on the creditor the burden of procuring the attendance of the justice selected by him not only at the first meeting of the tribunal but at every lawful adjournment thereof. If the justice chosen by the creditor fails to attend, the contingency contemplated by the statute has arisen; and the officer may choose another to fill the vacancy as provided in section 67. In this case, which we are now considering, it was unnecessary for the debtor to avail herself of the right to adjourn for twenty-four hours to procure the attendance of the new justice.

The decisions of this Court are not in disagreement with the views which we have expressed.

*Gould* v. *Ford,* 91 Me., 146, 39 A., 480, was an action brought on a six-months poor debtor's bond. At the time prescribed by the notice the disclosure tribunal was duly organized, and an adjournment taken until afternoon, when the parties and the Court reassembled. The attorney for the creditor then claimed that because of the adjournment the Court was without jurisdiction, and he persuaded the justice selected by him not to act. The remaining justice adjourned the hearing, and the proper officer selected a new justice for the creditor. In holding that there was a compliance with the conditions of the bonds the Court said, page 152: "The afternoon session must therefore be deemed a legal one. But under the advice of the creditor's attorney the justice chosen by the creditor refused to participate in the examination and withdrew from the room. It would seem that the contingency specified in section 42, chap. 113, had then arisen and that the creditor then 'neglected and refused to procure the attendance of a justice.' "

Counsel for the plaintiff cites in his support the case of *Ross* v. *Berry*, 49 Me., 434. It does not stand for what he claims. It was an action on a poor debtor's bond. At the disclosure hearing the two justices constituting the Court failed to agree and a third trial was called in. The justice chosen by the creditor then withdrew, the hearing proceeded, and the remaining two justices administered the oath. The Court held that there was not a compliance with the statute bond, because it was essential that all of the members of the Court should at least sit, although two could render a decision. The case does not decide that the proper officer could not have filled the vacancy caused by the retirement of the creditor's justice. This point was not raised. Nor was there any determination of the responsibility of the creditor for the retirement of his justice, and the question was not considered whether he had made it impossible for the debtor to perform his obligation. The case holds that the Court as a court must act, and is an authority for nothing more.

In the instant case the procedure followed in selecting a new justice was authorized by the statute, and the proceedings thereafter appear to have been proper and regular in every respect.

*Exception sustained.*