INHABITANTS OF THE TOWN OF ASHLAND *vs.* JOHN C. WRIGHT.

Aroostook.   Opinion, January 6, 1943.

*Francis W. Sullivan,* for the plaintiff.

*Donald N. Sweeney,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J.   In this real action the plaintiff seeks to recover possession of twenty-eight parcels of land situated in the Town of Ashland. The case was heard on an agreed statement of facts by the justice presiding at the April Term of the Superior Court for the County of Aroostook who entered the following order: "Judgment for Plaintiff. Writ of possession to issue." From this ruling the case is before us on exceptions by the defendant.

The issue is the validity of a tax assessment of the plaintiff town of April 1, 1939. Certain taxes were assessed against this defendant on the land here in question. In accordance with the

provisions of Public Laws 1933, Ch. 244, liens were placed on the real estate which the plaintiff claims have ripened into a title. It is agreed "that all matters, laws and requirements statutory and otherwise, pertaining to the town meeting, election of officers, assessment of taxes, commitment for collection, placing of liens have been complied with and the only issue in this case is as to whether or not the assessors and Tax Collector of the Town of Ashland were legally in office during the year 1939 and whether or not they could assess and collect a legal tax which will result in a forfeiture."

The ground on which the defendant claims that the assessors were not legally qualified to hold office is that they were not sworn as the statute prescribed. The defendant calls attention to the provisions of Priv. & Sp. Laws 1935, Ch. 12, which provides for a form of government for the Town of Ashland. Section 13 of this act provides as follows:

"*Officers to be sworn.* All town officers elected or appointed shall be sworn by the town clerk to the faithful performance of the duties of their respective offices."

The town clerk of Ashland was in fact sworn by the moderator of the town meeting held on March 29, 1939, and the defendant contends that, not having taken the oath of office as required by Section 13 quoted above, the clerk was himself never duly qualified and that the oath which he in turn administered to the assessors was of no effect to qualify them.

The plaintiff on the other hand calls our attention to Rev. Stat. 1930, Ch. 5, Sec. 19, which provides generally for the qualification of town clerks. This section reads as follows:

"*Clerk to be sworn; form of oath. R. S., c. 4, sec.* 19. The town clerk, before entering on the duties of his office, shall be sworn before the moderator, or a justice of the peace, truly to record all votes passed in that and other town meetings during the ensuing year and until another clerk is chosen and sworn in his stead, and faithfully to discharge all the other duties of his office."

The plaintiff claims that this provision is applicable and that the town clerk of Ashland was therefore properly sworn.

If we confine ourselves merely to the wording of these two statutory provisions we should have to concede that they are inconsistent and that in so far as the Town of Ashland is concerned the later act would amend the provision of the general law. But we are not required to construe statutes so abstractedly. Rather it is fundamental that we look to the purpose for which a law is enacted and that we avoid a construction which leads to a result clearly not within the contemplation of the lawmaking body. Above all, we should seek to avoid an interpretation which leads to a result which is absurd, even though to do so we may have to disregard the strict letter of the enactment. *Holmes* v. *Paris*, 75 Me., 559; *Landers* v. *Smith*, 78 Me., 212, 3 A., 463; *Carrigan* v. *Stillwell*, 99 Me., 434, 68 L. R. A., 386, 59 A., 683; *State* v. *Day*, 132 Me., 38, 165 A., 163; *Perkins* v. *Kavanaugh*, 135 Me., 344, 196 A., 645. This general principle is well stated in *State* v. *Day*, supra, at page 41, as follows:

" 'It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute because not within its spirit nor within the intention of its makers.' *Holy Trinity Church* v. *United States*, 143 U. S., 457, 12 S. Ct., 511, 36 L. Ed., 226; *Reiche* v. *Smythe*, 13 Wall., 162, 20 L. Ed., 566; *Silver* v. *Ladd*, 7 Wall., 219, 19 L. Ed., 138. The rule that these cases illustrate is valuable. It rescues legislation from absurdity. It is the dictate of common sense. It is not judicial legislation; it is seeking and enforcing the true sense of the law notwithstanding its imperfection or generality of expression. There is danger in extending a statute beyond its purpose, even if justified by strict adherence to its words. 'The letter killeth but the spirit giveth life.' "

The presiding justice in his findings has clearly pointed out the mischievous and absurd results which would follow if the plaintiff's construction of the 1935 act should prevail. If a vacancy should happen to occur in the office of town clerk, the

one who might be elected to fill the vacancy could never be sworn in, or if a town clerk were reelected he would have to administer the oath of office to himself.

It is apparent that the legislature never intended any such result and there is no reason why we must so construe the statute. It seems obvious that, though the act says that all officers must be sworn by the town clerk, there was excluded from such category the town clerk himself who was expected to qualify in the usual manner as provided by Rev. Stat. 1930, Ch. 5, Sec. 19.

*Exceptions overruled.*