Virginia C. Steele

*vs.*

Charles T. Smalley.

Cumberland.   Opinion, October 2, 1945.

*Richard S. Chapman,* for the plaintiff.

*Charles T. Smalley,* the defendant, pro se.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

THAXTER, J.   This is an action on the case brought by a client against an attorney. The declaration alleges negligence because of the attorney's failure to commence an action at law to recover for personal injuries suffered by the plaintiff until, it is claimed, the action was barred by the running of the statute of limitations. The plaintiff was injured in a collision between an automobile in which she was a passenger and a truck. It is conceded that the defendant represented her as attorney and that he did not bring an action for her within one year after the cause of action occurred. The plaintiff claims that the action was barred by the provisions of Rev. Stat. 1930, Ch. 66, Sec. 11, and that she was obliged to accept in settlement of her claim a very much smaller sum than she

would have received had suit been brought within the year. The statute in question reads as follows:

> "Actions of tort for injuries to the person or for death and for injuries to or destruction of property caused by the ownership, operation, maintenance or use on the ways of the state of motor vehicles or trailers subject to the supervision and control of the public utilities commission, shall be commenced only within one year next after the cause of action occurs."

The defendant filed a plea of the general issue with a brief statement setting forth that the statutory provision in question applied only to an action involving a vehicle, subject to the control of the public utilities commission, which at the time of the accident was carrying passengers for hire. The plaintiff demurred to this plea and the defendant joined in the demurrer. The presiding justice overruled the demurrer and the case is before us on the plaintiff's exceptions.

It is conceded that the operation of the truck was subject to the control of the public utilities commission. The sole question presented to us, therefore, is whether the limitation period of one year prescribed by the statute was a bar to the plaintiff's right to bring an action to recover for personal injuries arising out of the accident.

If we consider only the letter of the statute, the plaintiff's contention would appear to be sound. But, as has been repeatedly pointed out, the strict letter does not always tell the story.

A great chief justice of this state said many years ago: "It has been repeatedly asserted, in both ancient and modern cases, that judges may in some cases decide upon a statute even in direct contravention of its terms; that they may depart from the letter in order to reach the spirit and intent of the act. Frequently has it been judicially said, that 'a thing

within the intention, is as much within the statute, as if it were within the letter, and a thing within the letter is not within the statute, if contrary of the intention of it.' " *Holmes* v. *Paris,* 75 Me., 559, 561.

The rule thus set forth has been consistently followed in this state ever since. *Landers* v. *Smith,* 78, Me., 212, 3 A., 463; *Carrigan* v. *Stillwell,* 99 Me., 434, 59 A., 683, 68 L. R. A., 386; *Sullivan, Adm.* v. *Prudential Insurance Co.,* 131 Me., 228, 160 A., 777; *State* v. *Day,* 132 Me., 38, 165 A., 163; *Chase, Adm.* v. *Inhabitants of Town of Litchfield,* 134 Me., 122, 182 A., 921; *Perkins* v. *Kavanaugh,* 135 Me., 344, 196 A., 645; *George A. Middleton's Case,* 136 Me., 108, 3 A. (2d), 434; *Belfast* v. *Bath,* 137 Me., 91, 15 A. (2d), 249; *S. D. Warren Co.* v. *Inhabitants of the Town of Gorham,* 138 Me., 294, 25 A. (2d), 1471; *Inhabitants of the Town of Ashland* v. *Wright,* 139 Me., 283, 29 A. (2d), 747; *Beck* v. *Corinna Trust Co.,* 139 Me., 350, 31 A. (2d), 165.

In construing the language which has been used, the history of an enactment may throw light on the intent of the legislature. *Inhabitants of Guilford* v. *Inhabitants of Monson,* 134 Me., 261, 265, 185 A., 517 (quoting from *Smith* v. *Chase,* 71 Me., 164, 165). It is fundamental, likewise, that a particular phrase or a particular section should not be considered apart from its context. The entire statute should be considered as a whole and all statutes on the same subject should be considered together in order to reach an harmonious result. *Inhabitants of Turner v. Lewiston,* 135 Me., 430, 198 A., 734; *Belfast* v. *Bath,* supra. Due consideration should also be given to the conditions which prompted the legislature to act. *State* v. *Day,* supra; *The Church of the Holy Trinity* v. *United States,* 143 U. S., 457, 36 L. Ed., 226, 12 S. Ct., 511.

Two recent opinions of our own court are very helpful in determining the question now before us.

In *Chase, Adm.* v. *Town of Litchfield,* supra, the question

was whether the provisions of Rev. Stat. 1930, Ch. 27, Sec. 94, known as Lord Campbell's Act, applied to an action against a town. By its terms the statute applied to all corporations without any limitation. Yet we had no difficulty in excluding municipal corporations from its operation. And the reasons for so doing were set forth in the following language: "If it be said and it is admitted that in a sense a town is a corporation and so comes within the strict letter of the law, yet ' "a thing may be within the letter of the statute and not within its meaning, ... The intention of the law maker is the law. *Smythe* v. *Fiske*, 23 Wall., 374, 23 L. Ed., 47" ... The real meaning of the statute is to be ascertained and declared even though it seems to conflict with the words of the statute.' *Carrigan, Admr.* v. *Stillwell*, 99 Me., 434, 437, 59 A., 683, 684, 68 L. R. A., 386. It is not reasonable to believe that the legislature intended the word 'corporations' to embrace both towns and private corporations so dissimilar and with practically nothing in common."

In *Connor* v. *Inhabitants of Southport*, 136 Me., 447, 12 A. (2d) , 414, the provisions of Pub. Laws 1929, Ch. 161, Sec. 3, were in question, which provided for an appeal by any person or persons aggrieved by the action of municipal officers. Though the language by its terms applied to all appeals without limitation, it was held that the procedure prescribed applied only to appeals by persons aggrieved by the action of the municipal officers in discharging or failing to discharge the duties required of them by that particular chapter of the statutes.

Applying the principles of law above set forth to the instant case, we are satisfied that it was not the intention of the legislature to make the provisions of the statute here in question applicable to actions arising out of accidents caused by the operation of a truck, subject to the control of the public utilities commission.

In 1921 the legislature enacted a law giving to the public utilities commission control over the operation of jitney busses carrying passengers for hire. Pub. Laws 1921, Ch. 184. This statute was amended in 1923, Pub. Laws 1923, Ch. 211, and again in 1925, Pub. Laws 1925, Ch. 167. A number of new sections were added in 1925, one of which was Sec. 11 prescribing the limitation of one year within which actions might be brought. As thus enacted, this section read as follows:

> "Actions of tort for injuries to the person or for death and for injuries to or destruction of property caused by the ownership, operation, maintenance or use on the ways of the state of motor vehicles or trailers shall be commenced only within one year next after the cause of action occurs."

The original act as amended was incorporated into the revision of 1930 as Chap. 66, the title of which was "Motor Vehicles Carrying Passengers for Hire." In Section 11 there was the modification which has caused the present controversy. By this change the act was made applicable to vehicles or trailers "subject to the supervision and control of the public utilities commission." Just why this qualification was made is not clear. It must, however, be borne in mind that at that time only jitney busses, and not trucks carrying freight, were subject to the control of the commission. The change was made to meet conditions as they existed at that time. Possibly it may have been recognized by the revisors of the statutes that the section as originally worded was in technical conflict with the general statute of limitations providing a limitation of six years, Rev. Stat. 1930, Ch. 95, Sec. 90; and the intention was to indicate that the one year limitation was to be confined to the provisions of the chapter of which it was a part governing the operation of jitney busses, which were the only motor vehicles at

that time subject to the control of the commission. But the most significant circumstance is that in 1933 there was passed, not as an amendment to Rev. Stat. 1930, Ch. 66, or any part thereof, a separate and comprehensive act providing for regulation by the public utilities commission of motor vehicles carrying property for hire. Pub. Laws 1933, Ch. 259. In this act there is no reference whatsoever to the other law, and there is in it no special limitation of time within which actions based on negligence in the operation of trucks must be brought.

It therefore seems to us perfectly clear that the limitation period provided in Chap. 66 of the revised statutes applies only to actions involving the vehicles subject to that chapter. There is no more justification for tearing that provision out of its context and applying it to the operation of vehicles covered by another chapter than there would have been in applying the provision relating to appeals commented on in the *Connor* case, supra, to appeals generally simply because justification for such construction could be found in the strict language used by the legislature.

We are concerned here not with form but with substance; and it is the duty of this court to interpret the language of this act so as to carry out the obvious purpose which the legislature had in mind. To apply it in accordance with the plaintiff's contention would be to do exactly the reverse.

The general statute of limitations, Rev. Stat. 1930, Ch. 95, Sec. 90, applied to the right of action arising from this accident. The decision below in overruling the plaintiff's demurrer to the plea was correct.

*Exceptions overruled.*