RICHARD J. DUDDY

*vs.*

GEORGE E. McDONALD, ADMR.
ESTATE OF JAMES M. MULHERRIN

Cumberland.    Opinion, May 29, 1953.

*Edward T. Devine,*
*Bernard M. Devine,* for plaintiff.

*Arthur A. Peabody,* for defendant.

SITTING: MURCHIE*, C. J., MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, JJ.

THAXTER, J. On report. This is an action of assumpsit brought against the estate of James M. Mulherrin for funeral expenses. Mulherrin died intestate February 10, 1943. Not till nearly nine years later, on September 9, 1952, was administration sought on his estate. Then a petition for administration was filed and letters of administration were issued to the defendant George E. McDonald on the same day. A proof of claim was filed in the Cumberland County Probate Court on October 10, 1952; and suit was commenced

*Died March 7, 1953.

in the Superior Court for said County of Cumberland at the November Term 1952. The administrator filed a plea of the general issue with a brief statement setting up the statute of limitations. This statute, R. S., 1944, Chap. 99, Sec. 114, as set forth in the plea reads as follows:

> "Where no administration is had upon the estate of a deceased person within 6 years from the date of death of said decedent, and no petition for administration is pending, all actions upon any claim against said decedent shall be barred."

The contention of the plaintiff is that this statute does not control in this case because it applies only where "no petition for administration is pending."

But a claim does not come within the exception of the statute merely because a creditor or someone in his behalf may have filed a petition for administration *subsequent* to the expiration of the six years from the date of the death of said decedent. Statutes of limitation usually require that actions be commenced within a specified time after the right of action accrues. Actions brought within such period toll the statute. The purpose of the exception in Section 114 *supra* is to make provision for tolling this statute of limitations by filing a petition for administration within six years from the date of the death of the decedent. It is to a petition filed within that time that the phrase "no petition for administration is pending" refers.

It might also be urged by the plaintiff that a claim for funeral expenses is not within the bar of R. S., 1944, Chap. 99, Sec. 114, above set forth, on the ground that it is not a "claim against the decedent." *Strictly speaking,* a claim for funeral expenses is not a claim against the decedent because such expenses are not incurred until after his death. However, a claim therefor is a claim against the *estate of the de-*

*cedent.* For the purposes of the statute of limitations against the enforcement of claims against estates, a claim for funeral expenses is a claim "against the decedent" within the meaning of those or similar words when used in such a statute.

We have repeatedly said that the effort of this court in construing a statute should be to carry out the purpose of the legislature which enacted it. *State* v. *Day,* 132 Me. 38; *In re Frank R. McLay,* 133 Me. 175; *Tarr* v. *Davis et al.,* 133 Me. 243; *Town of Ashland* v. *Wright,* 139 Me. 283; *Beck* v. *Corinna Trust Co.,* 139 Me. 350; *Steele* v. *Smalley,* 141 Me. 355; *White* v. *March,* 147 Me. 63.

Statutes of limitation are statutes of repose and as was said in *Gray* v. *Day,* 109 Me. 492, 496, "should be construed strictly in favor of the bar which it was intended to create and not liberally in favor of a promise, acknowledgment or waiver . . .". A creditor for funeral expenses is given special rights. He can petition for administration as a creditor of the deceased, even though his claim is not strictly against the deceased, *Breen* v. *Burns,* 280 Mass. 222, 182 N. E. 294, and is given priority in case an estate is insolvent. As said in Wilson's Maine Probate Law, Page 178:

> "Under our laws all the real estate of a deceased debtor is liable for the payment of his debts. If his estate is insolvent, the real estate must be sold by the administrator in order that the proceeds may be divided ratably among his creditors. If his estate is solvent, each creditor has a lien on the real estate, which he can enforce by law against any person he may find in possession thereof, whether an heir, devisee or grantee of either of them. The claim of the creditor is paramount to every title that can be acquired after the decease of the debtor. This lien, if it were as unlimited in its duration as in its extent, would destroy all se-

> curity in any title to real estate; as it would in general affect all the land in the country in the course of every successive generation."

Such is the underlying reason requiring limitation upon the presentation and enforcement of claims against the estates of deceased persons. Inasmuch as the funeral expenses are a charge upon the estate of the deceased and constitute a preferred claim against the assets of the deceased, it is as important that such claims be subject to the bar of Section 114 *supra* as those which are strictly debts of the decedent. We hold that within the meaning of R. S., 1944, Chap. 99, Sec. 114 *supra,* the reasonable funeral expenses of the decedent are "claims against the decedent." See *Breen* v. *Burns,* 280 Mass. 222, *supra,* in which it was held that one incurring reasonable funeral expenses of the deceased was "a creditor of the deceased" within the meaning of the statute of limitations with respect to actions by creditors of the deceased.

The claim here sued was barred by the statute pleaded in defense.

*Judgment for the defendant.*

\* (MURCHIE, C. J., having deceased, did not join in this opinion.)