INHABITANTS OF CITY OF LEWISTON
*vs.*
INHABITANTS OF COUNTY OF ANDROSCOGGIN

Androscoggin.   Opinion, February 7, 1956.

*Philip Isaacson,* for City of Lewiston.

*William B. Hathaway,* for County of Androscoggin.

SITTING: FELLOWS, C. J., WILLIAMSON, BELIVEAU, TAPLEY, CLARKE, JJ.   WEBBER, J., did not sit.

BELIVEAU, J.   Bill in Equity.   On agreed statement of facts.

The controversy here is over $7,370.71 which the City of Lewiston paid to the Board of Trustees of the Maine State Retirement System on September 28, 1954, which sum it deducted from its 1954 county tax. This represented the liability of the city to the Retirement System on behalf of Harris M. Isaacson, as of July 14, 1953. Isaacson at that time was and for years prior thereto had been Judge of the

Lewiston Municipal Court. He elected to join the Retirement System on April 3, 1953 and was admitted to membership in that system on May 25, 1953. On July 14, of the same year, he received a Certificate of Prior Service, covering a period of time equal in funds to $7,370.71.

The city claimed this sum was due it from the county by virtue of Section 4, Chapter 132 of the Private and Special Laws of 1953, which laws became effective on August 8, 1953.

Prior to the effective date of the 1953 amendments the Judge of the Lewiston Municipal Court was an employee of the City of Lewiston and as such, at his option, could qualify as a member of the system, which the city joined July 1, 1951.

According to the 1953 amendments, the salary of the Judge of the Municipal Court and other expenses of that court were to be paid by the County of Androscoggin to the city.

The law involved here is found in Section 4 of Chapter 132 of the Laws of 1953 which reads as follows:

"**Limitation.** Notwithstanding the provisions of this act, the judge of the municipal court of the city of Lewiston now holding said office shall continue to be a contributing member of the local participating district of the city of Lewiston under the provisions of the Maine state retirement system. The city of Lewiston shall pay its liability involved and the county of Androscoggin shall reimburse the said city of Lewiston for such liability."

It is the contention of the city that Section 4 should be so interpreted as to fix on the county liability to the city for payment of the sum paid the Retirement System on September 28, 1954. There is nothing in the 1953 amendments which specifically provides for such reimbursements by the

county. The liability of the city was fixed before the effective date of these amendments and it necessarily follows that the responsibility of the county for reimbursement to the City of Lewiston was established and could only begin from the effective date of the amendments, August 8, 1953.

The purpose of Section 4 was to continue, without any interruption, the membership of the Lewiston Municipal Court Judge in the retirement system and, while payments are to be made by the city, in the first instance, it is to be reimbursed by the county for such payments.

It is true that our courts have held that where there is any uncertainty or more than one possible interpretation of a statute the court may look into the history of the legislation or sometimes, in cases of a revision, consult the report of the Commissioners. *Steele* v. *Smalley,* 141 Me. 355, 44 A. (2nd) 213 (1945).

However, as said by this court in *Sweeney* v. *Dahl,* 140 Me. 133, 34 A. (2nd) 673, (1943) :

> "The Legislative intent in a statute must primarily be ascertained from the language thereof and not from conjecture. In other words, the Court will first seek to find the Legislative intention from words, phrases and sentences which make up the subject matter of the statute. If the meaning of the language is plain, the Court will look no further; it is interpreted to mean exactly what it says."

The main purpose of the amendments, hereinbefore referred to, was the payment to the County of Androscoggin of the revenues from the Lewiston Municipal Court which in turn obligated the county for expenses properly incurred by that court.

The payment by the City of Lewiston was to discharge an obligation incurred by it prior to August 8, 1953. It could have discharged this obligation by amortizing payments

over a period of 30 years. However, that would not change the picture because, in either case, it was the discharge of the city's obligation.

The liability of the county, as to any matters pertaining to the Lewiston Municipal Court, did not begin until August 8, 1953 and expenses or obligations incurred prior thereto were the responsibility of the City of Lewiston, which enjoyed the revenue of that court up to the time of the change.

*Bill dismissed.*