LUCIEN ROY
*vs.*
GEORGE COOPER AND P. B. MUTRIE
MOTOR TRANSPORTATION, INC.

York. Opinion, July 14, 1964.

*James H. Dinean,* for Plaintiff.

*Woodman, Thompson, Chapman, and Hewes,*
by *Richard D. Hewes,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN,
SIDDALL, MARDEN, JJ.

MARDEN, J. On appeal from a dismissal.

Plaintiff complains that on April 12, 1960 the operator
(Cooper) and the lessee (Mutrie) of a motor tank truck, by
negligent conduct, caused the truck to overturn, whereby
its cargo of gasoline was discharged onto plaintiff's prop-
erty to his damage. It is stipulated that the defendants
Cooper and Mutrie were, at all times pertinent to the action,
subject to the supervision and control of the Public Utilities
Commission. The complaint was brought August 30, 1963,
defendant pleaded in special defense the statute of limita-

tions created by Chapter 48, § 14, R. S. Supplement,[1] and moved that the complaint be dismissed. The trial court dismissed the complaint to which plaintiff appeals urging that the special period of limitation of actions provided in R. S., Chapter 48, § 14 does not apply and relies upon *Steele* v. *Smalley*, 141 Me. 355, 44 A. (2nd) 213.

To illustrate the applicability of *Steele* to the present action, a review of the development of the present Section 14 of Chapter 48 is helpful.

Chapter 66 of the Revised Statutes of 1930, entitled "Motor Vehicles Carrying Passengers for Hire," in Section 11, provided a period of "one year next after the cause of action occurs" as the time within which actions of tort for injuries to the person or property caused by the operation of motor vehicles subject to the supervision and control of the Public Utilities Commission could be initiated. As indicated by the title to the Chapter, the only motor vehicles then subject to the supervision and control of the Public Utilities Commission were those carrying persons for hire.

In 1933 (P. L., 1933, Chapter 259) the legislature recognized the business of operating motor trucks for hire in the carriage of freight, established classes within that industry of common and contract carriers, and placed such carriage under the supervision and control of the Public Utilities Commission. This act made no mention of the subsisting Chapter 66, above mentioned, was not an amendment to it and embodied no statute of limitations as applying to tort claims against the newly recognized type of public carriage.

In the 1944 revision of the statutes the above mentioned Chapter 66 became Chapter 44, entitled "Operation of Motor

---

[1] "Civil actions for injuries to the person or for death and for injuries to or destruction of property, caused by the ownership, operation, maintenance or use on the ways of the state of motor vehicles or trailers, subject to the supervision and control of the commission, shall be commenced only 2 years next after the cause of action occurs."

Vehicles for Profit" but the first 16 sections of the chapter concerned motor vehicles carrying passengers for hire and, except for minor amendments not here pertinent, were a repetition of Chapter 66, R. S., 1930, including, as Section 12, the special statute of limitations for actions caused by the operation of motor vehicles "subject to the supervision and control of the public utilities commission." Sections 17 to 31, inclusive, of Chapter 44 concerned motor vehicles carrying freight for hire and, in pertinent detail, are collectively the Chapter 259 of the Public Laws of 1933. To reiterate, Chapter 44 of the Revised Statutes of 1944 was a consolidation of Chapter 66, R. S., 1930 and Chapter 259, P. L., 1933, but the distinction of the respective subject matters was retained, and was the state of the law when *Steele* came to this court.[2]

The only changes to the section of the statute with which we are concerned, since 1944, is a 1947 amendment (P. L., 1947, Chapter 156) which increases the period of limitation from the 1 year to 2 years, the 1954 revision in which the subject of Chapter 44 becomes Chapter 48 and the amendment of 1961 (P. L., 1961, Chapter 317, Section 121) which revises the working of the section to conform to Rule 2 of the Maine Rules of Civil Procedure.

*Steele* v. *Smalley* controls the present case. Section 14 of Chapter 48, R. S., 1954 Supplement applies only to claims against motor transportation carrying passengers for hire. As to claims against motor transportation carrying freight for hire the general statute of limitations provided by Section 90, Chapter 112, R. S., 1954 Supplement, applies.

*Appeal sustained.*

---

[2] The dates involved in *Steele* do not appear in the reported case. Records in Cumberland County reveal that the Writ was dated April 26, 1945, entered at the June Term of that year, defendant's plea of general issue, with brief statement, raising the special statute of limitations was filed, plaintiff's demurrer to the plea, and hearing thereon all occurred on June 6, 1945. The 1944 revision of the statutes, according to the foreword in Vol. I, became effective December 30, 1944.