HENSLEY ET AL. *v.* FAIRVIEW PARK HOSPITAL.

(No. 884536—Decided December 23, 1970.)

Common Pleas Court of Cuyahoga County.

*Messrs. Stewart & DeChant*, for plaintiffs.
*Messrs. Weston, Hurd, Fallon, Sullivan & Paisley* and
*Mr. John W. Jeffers*, for defendant.

McMONAGLE, J. The plaintiffs, through their counsel in the within action, filed interrogatories directed to the defendant. The defendant responded to the interrogatories by filing answers which were signed at the end thereof by the attorney for the defendant and to which was annexed the following:

"STATE OF OHIO
COUNTY OF CUYAHOGA
"BEFORE ME, A NOTARY PUBLIC, in and for said County and State, personally appeared JOHN W. JEFFERS, ATTORNEY FOR THE DEFENDANT, who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed.
"IN TESTIMONY WHEREOF, I have hereunto set my hand at Cleveland, Ohio this 21st day of September, 1970.

Notary Public"

Counsel for the plaintiffs thereupon filed a motion to compel the defendant to answer the interrogatories in writing under oath and with the answers signed by the person making them.

Civil Rule No. 33, *Interrogatories to Parties*, provides as follows:

"(A) Availability; procedures for use. Any party may serve any other party written interrogatories to be answered by the party served. If the party served is a public or private corporation or a partnership or association, the organization shall choose one or more of its proper employees, officers or agents to answer the interrogatories, and the employee, officer or agent shall furnish such information as is known or available to the organization * * *

"Each interrogatory shall be answered separately and

fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them * * *.''

Under Rule 37 the party submitting the interrogatories may move for an order with respect to any failure to answer an interrogatory in the manner specified in Rule 33.

There is obviously no provision in the rules whereby the attorney may answer the interrogatories in lieu of their being personally answered under oath by a party unless the party is a corporation, partnership or association. Such a party may choose one or more of its proper employees, officers or agents who ''shall furnish such information as is known or available to the organization. * * *'' If the attorney has personal knowledge of the facts set forth in the answers and the propounding party has not designated any particular person to answer, the attorney may answer the interrogatories under oath and sign them.

This court has heretofore ruled in a prior case that the requirements of the rule had been complied with in that case when although the attorney had signed the interrogatories at the end thereof, the party had actually subscribed his name to a verification which was attached to the answers to the interrogatories and in which the party swore under oath that he had read and signed the answers to the interrogatories and that said answers were true to the affiant's own knowledge.

In the within action the attorney alone signed the interrogatories and the words of the verification are that the attorney ''did sign (the answers to the interrogatories) and that the same is his free act and deed.''

It would ordinarily be assumed that when anyone signed his name to a document which is to be filed in court that such signing was ''his free act and deed.'' Such a verification does not comply with the rule. The rule requires an averment under oath that the answers are true to deponent's own knowledge.

The Ohio Civil Rules are patterned to a large extent

after the Federal Rules of Civil Procedure and decisions with reference to Federal Rules are helpful in interpreting the similar Ohio rule. Because most procedures having to do with discovery are interlocutory in nature, there are relatively few decisions of reviewing courts with reference to interpretations of the discovery rules. Most of the reported Federal decisions with respect to discovery are those of the district courts.

A case specifying requirements of Rule 33 is *Nagler* v. *Admiral Corporation*, 167 F. Supp. 413,

Syllabus 1:

"Answers to defendants' interrogatories which were not signed by the respective plaintiffs were not in accordance with rules. Fed. Rules Civ. Proc. rule 33, 28 U. S. C. A."

At page 415:

"The answers to the interrogatories filed by the plaintiffs are technically defective in a number of respects and in a number of others they do not comply with the letter or spirit of the rules of federal procedure and of the orders heretofore entered in this action.

"[1] 1. The answers are not signed by the respective plaintiffs as specifically required by Rule 33, F. R. C. P., which states that 'answers shall be signed by the person making them.'

"[2] 2. The verifications by the various plaintiffs which are apparently meant to apply both to the 'consolidated' and 'separate' answers, though they do not say so, are entirely insufficient to comply with the requirement that answers shall be answered separately and fully 'under oath.' Rule 33. There is no averment in the verifications that any of the answers are true to deponent's own knowledge, even though a number of them must necessarily be within the answering plaintiff's knowledge. Instead there is a blanket verification that the answers are true to the best of deponent's 'knowledge, information and belief.'

"This kind of verification, particularly when applied to the so-called 'consolidated' answers, leaves each plaintiff with convenient avenues of evasion. * * *"

In *Jones* v. *Goldstein*, 41 F. R. D. 271, at p. 274, the court held:

"Federal Rule 33 provides in part, as follows:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served, or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. * * * The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; * * *.

"[8] The answers to the interrogatories addressed to the defendant Goldstein were not personally signed by him as required by Rule 33. 4 Moore, Federal Practice, Para. 33.25 (1963). Therefore, the defendant Goldstein is hereby required forthwith to respond to said interrogatories under his own signature.

"[9, 10] The answers to the interrogatories addressed to the corporate defendant herein were properly signed by its attorneys. When interrogatories are addressed to a corporation, 'the propounding party should not be heard to complain if the answers are signed by the attorney [for the corporation], if he has not designated any particular person to answer' [4 Moore, Federal Practice, Para. 33.07 (1963)], and if the attorney has personal knowledge of the facts set forth in the answers. See *Antgoulatos* v. *Honduran S. S. Norlandia* (D. Md. 1956), 139 F. Supp. 385, 386-387."

In this case the attorney could not possibly have personal knowledge of answers given to the interrogatories and, for example, question number 3 is as follows:

"3. State whether or not an injection was given plaintiff on July 6 1969, specifically as alleged in the petition in the front of the left thigh, and if so, state: * * *"

The motion of the plaintiff to compel the defendant to answer the interrogatories under oath and to be signed by a proper person as required in Rule 33, is therefore granted. The defendant is given fourteen days to answer as required herein.