135 N.J. Super. 253 (1975)
343 A.2d 125
NORMAN SEIDEN AND SAMUEL WARSHAUER, PLAINTIFFS,
v.
MICHAEL L. ALLEN ET AL., DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
FINANCIAL RESOURCES GROUP, INC.: GLOBE MORTGAGE CO., MURRAY BEER AND SOL KUGLER, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
May 23, 1975.
*254 Ms. Elizabeth Westcott for third-party plaintiffs (Messrs. Stryker, Tams & Dill, attorneys).
*255 Mr. Jerald D. Baranoff for third-party defendants (Messrs. Sills, Beck, Cummis Radin & Tischman, attorneys).
GELMAN, J.S.C.
This discovery motion presents questions which have not been ruled upon by our courts in any reported opinion. First, is a party permitted to answer a written interrogatory by a general reference to a transcript of his deposition, and second, does the following form of oath affixed to answers to interrogatories constitute compliance with the requirements of R. 4:17-4(a): "I have read the foregoing interrogatories and answers thereof [sic] and they are true to the best of my knowledge, information and belief."
A third-party complaint was served at or about the time the deposition of the third-party plaintiff Michael Allen was being taken by plaintiff in the main action. Although their attorney was in attendance, the third-party defendants did not participate in this deposition. Prior to the time the deposition was completed in late January 1975, the third-party defendants served written interrogatories upon the third-party plaintiffs. After extensions of time were granted, the third-party plaintiff answered the interrogatories on March 27, 1975. Over 20 of the answers furnished contained a general reference to the deposition transcripts, which contain more than 700 pages. The answer furnished to interrogatory No. 2 is typical of the answers supplied:
See transcripts of deposition of Michael L. Allen, attended by the third-party defendants, wherein the date, time, place and substance of all such conversations which the third-party plaintiffs can recall, were given in detail.
It is hardly necessary to repeat anew the numerous recitations in the case law concerning the purpose of our liberal pretrial discovery rules. R. 4:10-1 permits discovery by "one or more" of the methods prescribed by the rules, including depositions upon oral examination and written interrogatories. The purpose of discovery is not only to *256 elicit information but to obtain a precise factual statement from a party which may be used at the trial as affirmative evidence, or for the purpose of impeaching or contradicting the party if he appears as a witness. See R. 4:17-8(a); R. 4:16-1(a) and (b). The party propounding the interrogatories is entitled to have answers furnished in a form which will permit their use at the trial in the manner envisioned by the rules of court. See J.J. Delaney Carpet Co. v. Forrest Mills, Inc., 34 F.R.D. 152 (S.D.N.Y. 1963); Smith v. Danvir Corp., 188 A.2d 118 (Del. Super. Ct. 1963).
R. 4:17-4(a) requires that answers be furnished "separately, fully and responsively." Neither the letter nor the spirit of the rule allows a party to supply answers which cast upon his adversary the impossible burden of ferreting out of a deposition transcript that which the answeror intends as his answer. If the called-for information is contained in the transcripts of the deposition, it is the answeror's obligation to collect it and supply it in the form required by the rule. See Hyster Co. v. Industrial Power Equip. Co., 9 F.R.D. 685 (W.D. Mo. 1950); Grimmett v. Atchison, Topeka & Sante Fe Ry. Co., 11 F.R.D. 335 (N.D. Ohio 1951); Annotation, 96 A.L.R.2d 598 (1964); cf. Anderson v. United Air Lines, Inc., 49 F.R.D. 144 (S.D.N.Y. 1969) (motion to strike interrogatories because answers given at prior deposition denied).
The oath supplied by the third-party plaintiff is also deficient. R. 4:17-4(a) requires interrogatories to be answered "under oath." While the cited rule does not define the form of oath to be supplied, R. 1:4-4(b)[1] inferentially *257 mandates that any oath required by the rules of court must affirm the truth of the answers supplied on the basis of personal knowledge, and not on the basis of hearsay. Cf. R. 1:6-6; Ash v. Frazee, 37 N.J. Super. 546, 547 (App. Div. 1955); Toth v. Vazquez, 3 N.J. Super 379, 383 (Ch. Div. 1949); see Hensley v. Fairview Park Hosp., 26 Ohio Misc. 128, 265 N.E.2d 800 (Ohio C.P. 1970); Nagler v. Admiral Corp., 167 F. Supp. 413 (S.D.N.Y. 1958).[2] The form of oath signed by the answering party here would render the interrogatories valueless for the uses authorized by R. 4:17-8(a) and described above.
The third-party defendants' motion is granted and an appropriate order may be submitted in conformance with this opinion.
NOTES
[1] R. 1:4-4(b) permits a certification to be supplied in lieu of an oath. The text of the rule is as follows:

In lieu of the affidavit, oath or verification required by these rules, the affiant may submit the following certification which shall be dated and immediately precede his signature: "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.
[2] A wilfully false answer to a written interrogatory may also serve as a basis for criminal prosecution under N.J.S.A. 2A:131-4. State v. Parmigiani, 65 N.J. 154 (1974).