Stephen DOUGHERTY and
Ann Dougherty

v.

Dr. Vincent OLIVIERO.

Supreme Judicial Court of Maine.

Argued March 9, 1981.

Decided April 2, 1981.

Berman, Simmons, Laskoff & Goldberg, P. A., William D. Robitzek (orally), C. Martin Berman, Jack H. Simmons, Robert A. Laskoff, John E. Sedgewick, Lewiston, for plaintiffs.

Preti, Flaherty & Beliveau, Christopher D. Nyhan (orally), Thomas R. Kolb, John J. Flaherty, Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

CARTER, Justice.

The defendant, Dr. Oliviero, was Stephen Dougherty's treating physician at a Portland hospital in November 1977. In October 1979, Stephen Dougherty and his mother filed a complaint in Superior Court claiming damages as a result of defendant's alleged negligence in diagnosing and treating a medical problem with Stephen Dougherty's knee.

In his answer to the complaint, the defendant denied liability and also raised, as an affirmative defense, the plaintiffs' failure to comply with 24 M.R.S.A. § 2903 (Supp.1980), which requires written notice of claim to be served on the prospective defendant 90 days before commencement of a medical malpractice action.[1] Subsequently, the Superior Court granted the defendant's motion to dismiss the complaint because the plaintiffs had not complied with the statutory notice requirement.

It is undisputed that, on the day after they served defendant with the summons and complaint, the plaintiffs served the defendant, for the first time, with a notice of claim. Aside from the failure to comply with the 90-day waiting period, there is no contention that the notice of claim was defective.

The plaintiffs subsequently filed two other complaints against the defendant, both making the same allegations of negligence as the first complaint. Since both complaints were filed more than two years and ninety days after the occurrence of the alleged acts of malpractice, the Superior Court granted defendant's motion to dismiss them on grounds that they were barred by the statute of limitations.[2]

---

**1.** 24 M.R.S.A. § 2903 (Supp.1980) provides in full:

No action for death or injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced until at least 90 days after written notice of claim setting forth under oath the nature and circumstances of the injuries and damages alleged is served personally or by registered or certified mail upon the person or persons accused of wrongdoing. Any applicable statute of limitations

shall be tolled for a period of 90 days from service of notice.

**2.** The applicable statute of limitations is 14 M.R.S.A. § 753:

Actions for assault and battery, and for false imprisonment, slander, libel and malpractice of physicians and all others engaged in the healing art shall be commenced within 2 years after the cause of action accrues.

Since the two later complaints were filed after service of a notice of claim, the statute was tolled for a period of 90 days according to the

The plaintiffs appeal from the judgments dismissing the three complaints. With respect to the first complaint, the plaintiffs contend that section 2903 did not require dismissal of their suit. Alternatively, they contend that the statute of limitations did not bar their subsequent complaints. Finally, they argue that the two year statute of limitations and the 90-day notice requirement for medical malpractice actions violate the equal protection clauses of the state and federal constitutions.

We conclude that the first complaint is still viable and should not have been dismissed. Therefore, we do not consider plaintiffs' arguments with respect to their second and third complaints. Since we interpret the statute not to require dismissal of the action, we also do not reach the constitutional questions.

The purpose of the notice-of-claim requirement is to provide a mandatory 90-day waiting period during which medical malpractice claims can be settled without litigation through the use of the dispute resolution procedures established by the Maine Health Security Act, 24 M.R.S.A. §§ 2501–2905 (Supp.1980). *See LaCroix v. Caron*, Me., 423 A.2d 247 (1980). We have not previously had an occasion to decide whether compliance with section 2903 is jurisdictional, or is part of the plaintiff's cause of action, or is an affirmative defense to be raised by the defendant. *Id.* at 247, n.1.[3]

■ We now hold that failure to comply with section 2903 is an affirmative defense and is waived if not raised by the defendant. M.R.Civ.P. 8(c). Since the notice requirement has no relationship to the court's jurisdiction or to the merits of the plaintiffs' cause of action, there is no burden on the plaintiff to plead or prove compliance with section 2903. Like other af-

firmative defenses on which the defendant has the burden of pleading, the defendant also has the burden of proving noncompliance with the statutory requirement. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* §§ 8.7, 8.20 (1970).

■ The plaintiffs argue that, under their interpretation of section 2903, they have not failed to comply with the notice requirement. Section 2903 states that "no action ... shall be commenced until at least 90 days after written notice of claim ... is served...." We cannot accept the plaintiffs' suggestion that this language automatically postpones "commencement" of an action until 90 days after service of the notice. According to M.R.Civ.P. 3, "a civil action is commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court." Section 2903 does not purport to change this rule. Therefore, compliance with section 2903 clearly requires the plaintiff to serve notice 90 days prior to filing a complaint or serving a summons and complaint. Here it is undisputed that the plaintiffs served the required notice of claim but did so shortly after, rather than 90 days before, filing their first complaint against the defendant. Therefore, the Superior Court could properly find that the defendant had met his burden of proving noncompliance with section 2903.

It was also necessary, however, for the Superior Court to determine the proper sanction for the plaintiffs' noncompliance. While section 2903 mandates 90-days notice, it does not specify the consequences of failure to comply with the notice requirement. We hold that, under the circumstances of this case, the statute does not require dismissal and that a stay of the proceedings would have been the appropriate remedy.

last sentence of 24 M.R.S.A. § 2903 (Supp. 1980).

**3.** In *LaCroix*, we held that the notice of claim requirement did not apply to actions against podiatrists, because they were not subject to the statutory dispute resolution mechanisms. In our only other case construing section 2903, *Paradis v. Webber Hospital*, Me., 409 A.2d 672 (1979), we held that the provision for tolling

the statute of limitations did not become operative where the plaintiff's notice of claim failed to comply with the "under oath" requirement. It was not necessary to decide whether the notice of claim requirement applied to the action because we concluded that the suit was barred by expiration of the two-year statute of limitations.

The defendant argues that the statutory purpose of encouraging settlement requires dismissal of premature complaints so that dispute resolution will not be clouded by the pendency of formal legal proceedings. We decline to uphold such a drastic sanction, because the statute does not expressly require dismissal, and because a stay of the proceedings would serve the statutory purpose equally well. Even if a suit is not actually pending, but is only threatened by a sworn notice of claim, the 90-day waiting period remains clouded by the defendant's knowledge that the plaintiff intends to proceed with litigation if settlement is not reached. Compliance with the notice requirement does not remove the shadow of impending judicial proceedings; it only provides a period of time during which the parties can attempt to settle the claim through non-judicial procedures before they encounter the expense, time limits, and other pressures associated with discovery and preparation for trial. This statutory purpose is accomplished as long as there is a mandatory 90-day period during which no litigation can proceed.

As long as an action is commenced before the expiration of the statute of limitations, we do not read section 2903 to require dismissal of what may well be a meritorious claim. Since the defendant in this case has pleaded and proved noncompliance with section 2903, the action should have been stayed until the defendant had the benefit of the 90-day waiting period.

The entry is:

Judgments dismissing complaints in CV–80–383 and CV–80–755 affirmed.

1. The State of Maine and Joseph Brennan, Governor of the State of Maine, were originally named as defendants to this action. Neither Governor Brennan, who acted in a quasi-judicial capacity in issuing the rendition warrant in this case, *Poulin v. Bonenfant*, Me., 251 A.2d 436, 438 (1969), nor the State of Maine are proper parties to this action. *People v. Lent*, 187 Colo. 248, 529 P.2d 1317, 1318 (1975).

As the action reached this Court, it named as a defendant, "Otis N. LaBree, Sheriff." He ceased to serve on December 31, 1980, being replaced by the current Sheriff, Timothy B. Richardson. We have changed the caption to reflect this change in identity of the parties as required by M.R.Civ.P. 25(d)(1) which provides:

Judgment dismissing complaint in CV–79–1161 vacated. Remanded to Superior Court for further proceeding consistent with the opinion herein.

All concurring.