**Joseph GILBERT, et al.**

v.

**MAINE MEDICAL CENTER, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 23, 1983.

Decided Nov. 19, 1984.

Richard B. Romanow, Christopher J. Ryer (orally), Portland, for plaintiff.

Petruccelli, Erler, Cohen & Cox, John Paul Erler (orally), Portland, for Maine Medical Center.

Norman & Hanson, Robert F. Hanson, James D. Poliquin (orally), Portland, for Calderbank & Westbrook Medical Ass'n, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN, and SCOLNIK, JJ.

ROBERTS, Justice.

The personal representative and the daughter of Frederick Gilbert, deceased, commenced a medical malpractice action against Maine Medical Center, Dr. James Calderbank and Westbrook Medical Associates. The plaintiffs appeal from a judgment of the Superior Court, Cumberland County, dismissing their complaint on the ground that the action was not commenced within the applicable period of limitation. Because we agree that the court erred in calculating the tolling period under the 90-day notice of claim provision in 24 M.R.S.A. § 2903 (Supp.1983), we reverse.

The plaintiffs' complaint alleged that the defendants' negligent diagnosis and treatment of Gilbert resulted in his death at Maine Medical Center on October 16, 1980. Pursuant to section 2903, the plaintiffs served notices of this claim on the Maine Medical Center on October 14, 1982, and on the other defendants the next day. The plaintiffs filed their complaint against all three defendants on Monday, January 17, 1983. The defendants promptly moved to dismiss, asserting their statute of limita-

tions defense, and their motions were subsequently granted by the Superior Court.

■ Section 2903 provides that "no action ... [for medical malpractice] shall be commenced until *at least 90 days* after written notice of claim ... is served" upon the defendants, and provides further that the applicable statute of limitations "shall be tolled for a period of *90 days from* service of notice." (emphasis added). By tolling the running of the period of limitation, section 2903 leaves the remainder of the period to run *after* the expiration of the ninety days. *Jagoe v. Blocksom*, 440 A.2d 1022, 1023 n. 2 (Me.1982). The issue presented in this case is the manner of determining the date of expiration of the period of limitation after the 90-day notice period has expired. The dispute concerns the critical difference of one day. The defendants claim that the period of limitation expired on Friday, January 14, 1983, whereas the plaintiffs argue that the correct date is Saturday, January 15, 1983, giving them until the 17th to file by virtue of M.R.Civ.P. 6(a).

On appeal the plaintiffs argue, *inter alia,* that the day of serving notice of claim under section 2903 does not count in either the calculation of the period of limitations or in the calculation of the 90-day notice period. They argue that this must be so because section 2903, they say, precludes filing of the action for at least 90 days. They reason that, if notice is served on the last day of the period of limitation, compliance with section 2903 would preclude commencement of the action until the ninety-first day, thus preventing compliance with the statute of limitations.

The defendants, on the other hand, argue that plaintiffs' hypothetical facts are not present in this case. The defendant doctors suggest that the combination of a two-year period of limitation and a 90-day tolling provision simply means that the period of limitation is two years and 90 days.

They go on to erroneously calculate the number of calendar days, counting October 16, 1982, as day number one and January 12, 1983, instead of the 13th, as day number ninety. That error leads them to concede that plaintiffs had *two* days of the period of limitation remaining. Correctly calculated, the ninetieth day after notice to the doctors would be January 13th and two days later, Saturday the 15th.

The hospital correctly counts the tolling period in its case as commencing October 15, 1982 (the day after service of notice by virtue of 1 M.R.S.A. § 71(12) (1979) and M.R.Civ.P. 6(a)), and ending on January 12, 1983. The critical leap in the hospital's argument, however, occurs without supporting analysis. The hospital points out that it received notice on October 14, 1982, "two days before the end of the statute of limitations." After calculating the tolling period, the hospital observes that "[w]ithout question the appellants then had *two* remaining days in which to commence their action," citing *Jagoe*, 440 A.2d at 1023 n. 2. The hospital's conclusion, however, is as unsound as is the reasoning of the other parties. We do not apply in this case a statutory limitation period of two years and ninety days as the defendant doctors suggest. Nor are we concerned with a period of time during which "no action ... shall be commenced" under section 2903 as the plaintiffs erroneously argue. *See Dougherty v. Oliviero*, 427 A.2d 487 (Me.1981). Rather, we must determine the consequences of the application of two statutory time periods: one, the two-year period within which suit must be brought (14 M.R.S.A. § 753 (1980); 18–A M.R.S.A. § 2–804(b) (1981 & Supp.1983); 24 M.R.S.A. § 2902 (Supp.1983)); and the other, the period during which the first time period shall be tolled (24 M.R.S.A. § 2903 (Supp.1983)).

■ The parties agree that by virtue of 1 M.R.S.A. § 71(12) (1979), the computation of the time periods involved are governed by M.R.Civ.P. 6(a). The last sentence of

section 2903 provides that "[a]ny applicable statute of limitations shall be tolled for a period of 90 days from service of notice." Computation of the 90 days, according to Rule 6, commences on the day after service of notice. Likewise, Rule 6 dictates that the period of suspension includes the ninetieth day. The period of limitation, therefore, does not *resume* until the ninety-first day. The net effect of the application of Rule 6 is that the day on which notice is served does not count in either the period of limitation or in the ninety-day tolling period. Our determination that the period of limitation expired on Monday, January 17, 1983, is not affected by the question whether the notice provision of section 2903 *permits* suit to be commenced on the ninetieth day after notice is served.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.