MEAD, J., with whom ALEXANDER, J., joins,
dissenting.
[¶ 28] I respectfully dissent. Although I agree with the Court’s conclusions that there are no substantive differences between the pre-1987 version of the relevant provision of the Maine Health Security Act, 24 M.R.S.A. § 2903 (Supp.1977), and the current version, and as a matter of stare decisis, we are bound by our decision in Paradis v. Webber Hosp., 409 A.2d 672 (Me.1979), I disagree with the Court’s ultimate conclusion that Paradis does not control our decision.
[¶ 29] The Maine Health Security Act (MHSA or Act) became effective in 1977 to codify the recommendations of a study un *147 dertaken by the Commission to Revise the Laws Relating to Medical and Hospital Malpractice Insurance, known as the Pom-eroy Commission. L.D. 727, Statement of Fact (108th Legis.1977); L.D. 1825 (107th Legis.1975) (establishing the commission); see also Paradis, 409 A.2d at 674 (providing a brief history of the MHSA). Shortly after the MHSA’s enactment, we considered the issue of whether an unsworn notice tolls the statute of limitations. See Paradis, 409 A.2d 672. At the time, the Act combined within one section the provisions concerning the commencement of an action, the written notice of claim, the service of the claim, and tolling the statute of limitations, providing:
No action for death or injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced until at least 90 days after written notice of claim setting forth under oath the nature and circumstances of the injuries and damages alleged is served personally or by registered or certified mail upon the person or persons accused of wrongdoing. Any applicable statute of limitations shall be tolled for a period of 90 days from service of notice.
P.L.1977, ch. 492, § 3 (effective Oct. 24, 1977) (codified at 24 M.R.S.A. § 2903 (Supp.1977)). We held that the claimant’s written notice failed to toll the statute of limitations because it was not filed under oath. Paradis, 409 A.2d at 675. We concluded that the oath requirement was consistent with the statute’s plain meaning and expressly rejected the plaintiffs argument “that the statutory purpose was merely to give notice of a pending claim.” Id. at 674-75. Instead, we stated that the oath requirement was more than a “mere technicality,” observing that the oath’s “function is both to make clear the significance of filing the document itself and to provide a basis for a perjury action upon proof of falsification.” Id. at 675 (citation omitted).
[¶ 30] As noted above, I agree with the Court’s conclusions that there are no substantive differences between the pre-1987 version of section 2903 of the MHSA and the current version. See Court’s Opinion ¶ 10. Under either version of the statute, however, the rule is the same — a claimant’s failure to file a written notice under oath does not toll the statute of limitations. See Paradis, 409 A.2d at 674-75. Thus, at the time when Frame requested leave of court to amend her notice and have it relate back to the original filing, the statute of limitations had already run. Applying the Paradis principles, she was left in the position of a party who seeks leave of court to file a claim after the statutory period for filing had expired.
[¶ 31] Medical malpractice actions in Maine are based in statute, and, as discussed above, so is the relevant statute of limitations which “should be construed strictly in favor of the bar which it was intended to create, and not liberally.” Nuccio v. Nuccio, 673 A.2d 1331, 1334 (Me.1996) (quoting Duddy v. McDonald, 148 Me. 535, 538, 97 A.2d 445 (1953)). The court should not lightly expand constraints that are dictated by statute.
[¶ 32] I do not reach the issue of whether medical malpractice notices are pleadings for purposes of Rule 15, other than to note that we have expressly limited its application to pleadings. See Lee v. Maier, 1999 ME 62, ¶¶ 14-15, 728 A.2d 154 (“By its terms ... M.R. Civ. P. 15(c)(2) only applies to pleadings.”). Nor do I consider whether such amended notices could appropriately “relate back” if filed in a timely fashion. The operation of the statute and the application of the Paradis case produce an inevitable result: the de *148 fective and inadequate notice of claim was ineffective to toll the statute of limitations.
[¶ 33] I do not disagree that this result can be perceived as harsh. The approach and analysis undertaken in the Edelman case arguably allows a more flexible and forgiving result. However, in Paradis, this Court had the opportunity to fashion a flexible and forgiving approach, but declined to do so.
[¶ 34] If the Legislature had determined that the holding of Paradis was too harsh, it could have expressly uncoupled the notice and oath requirements when it amended the Act. See, e.g., Stockly v. Doil, 2005 ME 47, ¶14, 870 A.2d 1208 (“The Legislature is presumed to be aware of the state of the law and decisions of this Court when it passes an act.”); Taylor v. Town of Orono, 585 A.2d 807, 808-809 (Me.1991) (holding that defective notice can be excused if there is substantial compliance with the Maine Tort Claims); Townsend v. Me. Bureau of Pub. Safety, 404 A.2d 1014, 1016 (Me.1979) (noting that the Legislature avoided the harsh results of prior cases that held that a gradually occurring injury was non-compensable by deleting the accident requirement); Michaud v. N. Me. Med. Ctr., .436 A.2d 398, 403 (Me.1981) (Wathen, J., dissenting) (“In ... areas when the legislature has wished to temper the harsh results of similar provisions, they have demonstrated that they are capable of doing so expressly.”). Instead, the Legislature clearly endorsed our earlier interpretation, as evidenced by the continuity in language used after the amendments with only a minor restructuring of the statutory section at issue.
[¶ 35] I would conclude that we are bound by our previous holding in Paradis. Here, as in Paradis, Frame’s unsworn notice of claim failed to toll the statute of limitations. Unless we take the extraordinary step of overruling this Court’s earlier precedent, potential medical malpractice claimants remain on notice that strict compliance is required with all procedural elements of the MHSA.
[¶ 36] I would affirm the decision of the Superior Court granting the Hospital’s motion to dismiss.